**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DWAYNE HART,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ISIDRO BACA, *et al.*,<br><br>　　　　　　Defendants. | 3:16-cv-00274-MMD-VPC<br><br>**REPORT AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE** |

　　　This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion for summary judgment (ECF No. 17). Plaintiff did not file a response. For the reasons stated below, the court recommends that defendants' motion for summary judgment (ECF No. 17) be granted.

**I.　　FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

　　　Pursuant to 42 U.S.C. § 1983, Dwayne Hart ("plaintiff") brings a First Amendment claim against defendants Isidro Baca ("Baca"), Shannon Moyle ("Moyle"), Silvia Irvin ("Irvin"), and Ronald Schreckengost ("Schreckengost"), and Brian Ward ("Ward"). (ECF No. 3 at 7.)

　　　At the time of the incidents alleged, plaintiff was an inmate in the custody of the Nevada Department of Corrections ("NDOC"), and was incarcerated at Northern Nevada Correctional Center ("NNCC"). (ECF No. 17 at 2.) Plaintiff's complaint alleges chiefly that NNCC officials failed to respond to his numerous medical kites and grievances. (ECF No. 4 at 5.) The District Court screened plaintiff's complaint and allowed plaintiff to proceed with a First Amendment access to courts claim. (ECF No. 3.) Defendants filed their motion for summary judgment on the grounds that plaintiff has failed to properly exhaust administrative remedies prior to filing his complaint. (ECF No. 17.)

　　　On July 25, 2017, the district court issued a minute order notifying plaintiff that he must file an opposition to defendants' motion for summary judgement within twenty-one days of service.

1  (ECF No. 18.) Plaintiff failed to oppose defendants' motion with the specified time-frame, and on
2  September 22, 2017, the court issued a minute order that *sua sponte* granted plaintiff an extension
3  to October 6, 2017. (ECF No. 19.) In both minute orders, the court advised plaintiff that the failure
4  to properly and timely oppose defendants' motion would permit the court to consider the facts of
5  the motion as undisputed. (*Id.*) The court further cautioned plaintiff that it may grant defendants'
6  motion for summary judgment under such circumstances, should it have merit. (*Id.*) Plaintiff has
7  not filed an opposition as of the date of this report and recommendation.

## II.   LEGAL STANDARD

Summary judgment allows the court to avoid unnecessary trials. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). The court properly grants summary judgment when the record demonstrates that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A dispute is "genuine" only where a reasonable jury could find for the nonmoving party. *Id.* Conclusory statements, speculative opinions, pleading allegations, or other assertions uncorroborated by facts are insufficient to establish a genuine dispute. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir. 1996). At this stage, the court's role is to verify that reasonable minds could differ when interpreting the record; the court does not weigh the evidence or determine its truth. *Schmidt v. Contra Costa Cnty.*, 693 F.3d 1122, 1132 (9th Cir. 2012); *Nw. Motorcycle Ass'n*, 18 F.3d at 1472.

Summary judgment proceeds in burden-shifting steps. A moving party who does not bear the burden of proof at trial "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element" to support its case. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*,

210 F.3d 1099, 1102 (9th Cir. 2000). Ultimately, the moving party must demonstrate, on the basis of authenticated evidence, that the record forecloses the possibility of a reasonable jury finding in favor of the nonmoving party as to disputed material facts. *Celotex*, 477 U.S. at 323; *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). The court views all evidence and any inferences arising therefrom in the light most favorable to the nonmoving party. *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014).

Where the moving party meets its burden, the burden shifts to the nonmoving party to "designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citation omitted). "This burden is not a light one," and requires the nonmoving party to "show more than the mere existence of a scintilla of evidence. . . . In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *Id.* (citations omitted). The nonmoving party may defeat the summary judgment motion only by setting forth specific facts that illustrate a genuine dispute requiring a factfinder's resolution. *Liberty Lobby*, 477 U.S. at 248; *Celotex*, 477 U.S. at 324. Although the nonmoving party need not produce authenticated evidence, Fed. R. Civ. P. 56(c), mere assertions, pleading allegations, and "metaphysical doubt as to the material facts" will not defeat a properly-supported and meritorious summary judgment motion, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

For purposes of opposing summary judgment, the contentions offered by a *pro se* litigant in motions and pleadings are admissible to the extent that the contents are based on personal knowledge and set forth facts that would be admissible into evidence and the litigant attested under penalty of perjury that they were true and correct. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

### III.   DISCUSSION

**A.   Judicial Notice of AR 740**

Defendants repeatedly cite to Administrative Regulation 740 ("AR 740") as "Exhibit C." (ECF No. 17 at 4.) However, AR 740 is absent from their attached exhibits. (*See* Def. Exh. A–D.) To avoid further delaying a decision on defendants' motion for summary judgment, the court will

1
28

take judicial notice of AR 740. NEVADA DEPT. OF CORR., ADMINISTRATIVE REGULATION 740: INMATE GRIEVANCE PROCEDURE (2017). AR 740 is properly subject to judicial notice because it is an official, public record of NDOC "not subject to reasonable dispute." *Brown v. Valoff*, 422 F.3d 926, 931 n. 7, n. 9 (9th Cir. 2005) (taking judicial notice of prison's Department Operations Manual and California Department of Correction Administrative Bulletin); *see* FED. R. EVID. 201(b)(2). Defendants are once again admonished that failure to provide necessary exhibits may be grounds for denying, or striking, their motion. FED. R. CIV. P. 56(e)(4) (where party fails to properly support a fact, court may consider it undisputed or "issue any other appropriate order"); *see, e.g.*, *Dawe v. Corr. USA*, No. CIVS-07-1790, 2010 WL 682321, at *2 (E.D. Cal. Feb. 24, 2010) (disregarding improperly attached and unauthenticated exhibits and denying motion for summary judgment); *Phelps v. GEICO Indem. Co.*, No. 6:12-CV-1585, 2015 WL 1447024, at *9 (N.D.N.Y. Mar. 30, 2015) (striking portion of opposition to motion for summary judgment).

**B.     Failure to Exhaust Administrative Remedies**

    **1.     Exhaustion under the PLRA**

Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The requirement's underlying premise is to "reduce the quantity and improve the quality of prisoner suits" by affording prison officials the "time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation." *Id.* at 524–25.

The PLRA requires "proper exhaustion" of an inmate's claims. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Proper exhaustion means an inmate must "use all steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009) (citing *Woodford*, 548 U.S. at 90). Thus, exhaustion "demands compliance with an

agency's deadlines and other critical procedural rules because no adjudication system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 90–91.

In the Ninth Circuit, a motion for summary judgment will typically be the appropriate vehicle to determine whether an inmate has properly exhausted his or her administrative remedies. *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014). "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56. If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." *Id.* at 1166. The question of exhaustion "should be decided, if feasible, before reaching the merits of a prisoner's claim." *Id.* at 1170.

Failure to exhaust is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007). The defendant bears the burden of proving that an available administrative remedy was unexhausted by the inmate. *Albino*, 747 F.3d at 1172. If the defendant makes such a showing, the burden shifts to the inmate to "show there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him by 'showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile.'" *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (quoting *Albino*, 747 F.3d at 1172).

### 2. NDOC's Inmate Grievance System

AR 740 governs the grievance process at NDOC institutions. An inmate must grieve through all three levels: (1) Informal; (2) First Level; and (3) Second Level. NEVADA DEPT. OF CORR., ADMINISTRATIVE REGULATION 740: INMATE GRIEVANCE PROCEDURE (2017). The inmate may file an informal grievance within six months "if the issue involves personal property damages or loss, personal injury, medical claims or any other tort claims, including civil rights claims." (*Id.* at 6.) The inmate's failure to submit the informal grievance within this period "shall constitute abandonment of the inmate's claim at this, and all subsequent levels." (*Id.* at 7.) NDOC staff is

1  required to respond within forty-five days. (*Id.* at 8.) An inmate who is dissatisfied with the informal response may appeal to the formal level within five days. (*Id.*)

At the first formal level, the inmate must "provide a signed, sworn declaration of facts that form the basis for a claim that the informal response is incorrect," and attach "[a]ny additional relevant documentation." (*Id.*) The grievance is reviewed by an official of a higher level, who has forty-five days to respond. (*Id.* at 9.) Within five days of receiving a dissatisfactory first-level response, the inmate may appeal to the second level, which is subject to still-higher review. (*Id.*) Officials are to respond to a second-level grievance within sixty days, specifying the decision and the reasons the decision was reached. (*Id.*) Once an inmate receives a response to the second-level grievance, he or she is considered to have exhausted available administrative remedies and may pursue civil rights litigation in federal court.

### 3.   **Exhaustion of Plaintiff's Claims**

Defendants argue that plaintiff did not properly exhaust his available administrative remedies, as he failed to follow the grievance procedure outlined by AR 740. (*See* ECF No. 17 at 5–7.) Plaintiff has failed to file a response to defendants' motion for summary judgment despite the court's granting of a *sua sponte* extension of time. (ECF No. 19.) Over two months have elapsed since plaintiff's extension of time expired. (*Id.*) The court issued two minute orders advising plaintiff of the consequences for failing to file a response, yet plaintiff has failed to notify the court of any extenuating circumstances that excuse his tardiness. The court has provided plaintiff with ample notice and leniency, *Rand v. Rowland*, 154 F.3d 952, 960–61 (1998), and will now accept defendants' factual assertions as undisputed for purposes of determining whether summary judgment is proper.

Plaintiff filed two grievances related to the issues raised in his complaint — grievance 2006-30-23690 ("Grievance A") and grievance 2006-30-24996 ("Grievance B"). (ECF No. 17 at 2; Def. Exh. A, B.) Regarding Grievance A, plaintiff properly completed the informal and first levels of the grievance process, but did not appeal his grievance to the second level. (Def. Exh. A.) Plaintiff's failure to appeal to the second level within five days violated AR 740.06(4)(A),

and constituted abandonment of his claims under AR 740.09(4)(A). *See* NEVADA DEPT. OF CORR., ADMINISTRATIVE REGULATION 740: INMATE GRIEVANCE PROCEDURE 10, 13 (2017). Plaintiff failed to exhaust his administrative remedies for Grievance A prior to bringing his claim to federal court because he did not "use all steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin*, 557 F.3d at 1119.

Regarding Grievance B, plaintiff appealed his informal grievance directly to the second level without completing the first level of the grievance process, in violation of AR 740.05(12)(A). (Def. Exh. B.) Prison officials rejected Grievance B at the second level, and directed plaintiff to cure the procedural deficiencies of his grievance by appealing to the first level within five days. (*Id.* at 8.) Plaintiff failed to file a first level appeal within the specified timeframe, (*see* Def. Exh. B), thereby abandoning his Grievance B claims under AR 740.09(4)(A) before those claims could be reviewed on the merits at the first and second levels. NEVADA DEPT. OF CORR., ADMINISTRATIVE REGULATION 740: INMATE GRIEVANCE PROCEDURE 13 (2017); *see Woodford*, 548 U.S. at 90-91 (exhaustion "demands compliance with an agency's deadlines and other critical procedural rules"). Therefore, the court finds that plaintiff failed to exhaust his administrative remedies for both of his grievances prior to initiating this action.

The burden now shifts to plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172 (citing *Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n. 5 (9th Cir. 1996)). Plaintiff has not filed a response to defendants' motion for summary judgment so he is unable to make this showing. Because no material facts are in dispute, defendants have carried their burden of proving that plaintiff failed to exhaust available administrative remedies prior to filing this action. *See Albino*, 747 F.3d at 1166. The court recommends that defendants' motion for summary judgment should be granted.

### IV.   CONCLUSION

For the foregoing reasons, the court takes judicial notice of AR 740, and recommends that defendants' motion for summary judgment (ECF No. 17) be granted.

The parties are advised:

1.     Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.     This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V.     RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the court take **JUDICIAL NOTICE** of Nevada Department of Corrections Administrative Regulation 740.

**IT IS FURTHER RECOMMENDED** that defendants' motion for summary judgment (ECF No. 17) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** and close this case.

**DATED**: January 10, 2018.

_____
**UNITED STATES MAGISTRATE JUDGE**